### ALEXANDER CHAMBERS v. JAMES S. LANE.

Petition and summons. In copying the note sued on, in the petition, plaintiff copied the word "after" twice, by mistake; which mistake he was, on motion, allowed to rectify. Thereupon defendant moved for a continuance, which was refused; and a new trial, which was also refused. Held, that there was no error in refusing either motion.

ERROR to the circuit court of St. Louis county.

B. Mullanphy, counsel for plaintiff in error:
Plaintiff in error deems that the amendment, permitted to defendant in error below, was permitted against

JUNE TERM,
1838.

Chambers
v.
Lane.

law. That, being permitted after the pleadings were made up, it took away from defendant below a good defence—took him by surprise—ought not to have been permitted without a continuance; and when such continuance, on such ground, was applied for, being applied for as soon as defendant below heard of the amendment, it ought to have been granted without hesitation.

*J. Spalding,* counsel for defendant in error:

1. The demurrers were rightly sustained. The petition was on a note, and the two first pleas asserted that it was not the defendant's *deed.* A deed means a sealed instrument. These pleas were no answers to the action, and the issue on them would have been totally immaterial.

2. All the other objections relate to the amendment and the refusal of the court to grant a continuance on account of it.

*No amendment was necessary in this case; and, secondly,* if one were necessary, the court did right to permit it, and would have done right in permitting it even on the trial, and that too, without a continuance—see case of Atwood v. Gillespie, 4 Mo. Rep. 423, where these very points are settled in case of a note, and in which the word "pay" was omitted in the copy in the petition, and an amendment permitted on the trial without a right to continuance—New Revised Code, 467.

TOMPKINS, Judge, delivered the opinion of the court.

Pet. and sum. In
copying the note
sued on, in the pe-
tition, the pltf.
copied the word
"after" twice, by
mistake; which
mistake he was,
on motion, allow-
ed to rectify.
Thereupon def.
moved for a con-
tinuance, which
was refused; and
a new trial, which
was also refused.
Held, that there
was no error in
refusing either
motion.

Lane sued Chambers in the circuit court by petition in debt under the statute, and had judgment. To reverse that judgment, this writ of error is sued out.

By the act under which this suit was commenced, the plaintiff is required to insert in the petition a copy of the instrument sued upon. The instrument sued on in this case, reads thus: "One day *after* date I promise," &c. In the copy inserted in the petition, the word "*after*" was twice copied, and that copy read thus: "One day *after after* date I promise," &c. After the pleadings in the cause were made up, and before trial, the plaintiff was allowed, on motion, to amend the copy. The defendant moved for a continuance of the cause on account of the amendment allowed, and his motion was overruled, and judgment being rendered against him, he moved for a new trial, and that motion was overruled, and these decisions of the court are assigned for error. The

amendment permitted by the court could not possibly have produced any surprise. The legal effect of the instrument was precisely the same as before the copy was amended by striking out one of the words "*after*," which had been twice written by mistake. The circuit court, then, in my opinion, committed no error, either in refusing the defendant a continuance or in refusing him a new trial; and such being the opinion of the rest of the court, the judgment of the circuit court is affirmed.